IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**APRIL CLARK,**

        **Plaintiff,**

v.                                     Civil Action 2:23-cv-4203
                                       Chief Judge Algenon L. Marbley
**KAREN PHIPPS, et al.,**               Magistrate Judge Kimberly A. Jolson

        **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Karen Phipps, Michael Cassone, and Alex Castle. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.**     **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff names Karen Phipps, a Franklin County Court of Common Pleas judge, along with attorneys Michael Cassone and Alex Castle as defendants. (Doc. 1-1 at 2). Plaintiff's complaint alleges that Judge Karen Phipps "collude[ed]" with Michael Cassone and Alex Castle "to rob Plaintiff of security deposit paid" in violation of the Fourteenth Amendment, the United States Constitution, and the Ohio Constitution. (*Id.* at 3). She further claims that Judge Phipps retaliated against her in a lawsuit concerning a Reynoldsburg, Ohio, apartment complex, because Plaintiff

"report[ed] her relationship as schoolmate with Michael Cassone during same tenure at Capital University Law School." (*Id.* at 3–4). Plaintiff seemingly requested that Judge Phipps recuse herself from a case, and Judge Phipps declined to do so. (*Id.* at 4). According to Plaintiff's complaint, Judge Phipps "deliberately silenced" Plaintiff by not adjudicating Plaintiff's case against this apartment complex on the merits. (*Id.* at 4). In her complaint, Plaintiff does not request any relief from the Court. (*Id.* at 3–4, 5–6).

Judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[Judicial] immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit."). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity or if the actions taken were in absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Here, Plaintiff's claims against Judge Phipps clearly relate to actions she took while functioning in her judicial capacity, such as her alleged unfavorable rulings against Plaintiff and her decision to not recuse. *See Owen v. Cole*, No. 1:21-cv-179, 2021 WL 1293087, at *3 (S.D. Ohio Apr. 7, 2021) (finding that a "litigant cannot sue a judge because [they] are unhappy" with a judge's decisions, such as dismissing a case); *Buckner v. Powers*, No. 1:19-cv-92, 2019 WL 482022, at *4 (S.D. Ohio Feb. 7, 2019) ("Allegations of bias do not impact judicial immunity.").

3

Plaintiff alleges no facts that allow the Court to infer that Judge Phipps took actions outside of her judicial capacity or in absence of all jurisdiction. At best, Plaintiff alleges that Judge Phipps acted in bad faith or with malice, but such actions are not enough to overcome judicial immunity. *Mireles*, 505 U.S. at 11. Accordingly, all claims against Judge Karen Phipps should be **DISMISSED.**

Plaintiff also alleges that Defendants colluded to rob her of a security deposit. (Doc. 1-1 at 3). In fact, this is the only time in Plaintiff's complaint where Defendant Castle is mentioned. (*Id.* at 3–4). But conspiracy claims must be pled with specificity, and Plaintiff has set forth no particular facts establishing a conspiracy involving any of the named defendants. *See Johnson v. Ahmed*, No. 1:13-cv-921, 2014 WL 467334, at *3 (S.D. Ohio Feb. 5, 2014) (stating that conspiracy claims under 28 U.S.C. § 1983 must be pled with specificity); *see also* (Doc. 1-2 (alleging "deprivation of rights under color of law")). And although Plaintiff alleges Defendant Cassone acted wrongly, she has not requested any relief from the Court for any of Defendants' actions. (*See* Doc. 1-1 at 5–6); *see also Methena v. Ohio*, No. 1:21-cv-326, 2021 WL 2381907, at *2 (N.D. Ohio June 10, 2021) (dismissing a case where a plaintiff's complaint did not contain "a coherent request for relief"); *Salaam El v. City of Dearborn*, No. 09-12136, 2010 WL 582773, at *8 (E.D. Mich. Feb. 18, 2010) (recommending a case be dismissed where the plaintiff failed to present "legitimate legal claims" or request relief from the Court). Therefore, Plaintiff's remaining claims against Defendants should be **DISMISSED.**

## III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. But for the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

4

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 25, 2024        /s/ Kimberly A. Jolson
                              KIMBERLY A. JOLSON
                              UNITED STATES MAGISTRATE JUDGE