**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**APRIL CLARK,**

                **Plaintiff,**

                                      **Civil Action 2:23-cv-4203**

**v.**                                    **Chief Judge Algenon L. Marbley**
                                         **Magistrate Judge Kimberly A. Jolson**

**KAREN PHIPPS, et al.,**

                **Defendants.**

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

The Undersigned's Report and Recommendation recommending that Plaintiff's Complaint (Doc. 1) be dismissed is pending before the Court (Doc. 3). Plaintiff subsequently filed objections to the Report and Recommendation and a demand for a jury trial. (Docs. 7, 8). This matter is before the Court on Plaintiff's Motion for Order to File Electronically (Doc. 10) and Motion for Leave to File Amended Complaint (Doc. 9).

**I.**      **Motion for Order to File Electronically**

The "grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court." *Needham v. Butler Cnty. Jail*, No. 1:19-CV-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019). The Court is hesitant to grant Plaintiff electronic filing privileges in light of her litigation and filing history. (*See* Case Nos. 2:23-cv-04201-ALM-KAJ, 2:23-cv-04202-ALM-KAJ, 2:23-cv-04204-ALM-KAJ, 2:23-cv-04205-ALM-KAJ, 2:23-cv-04206-ALM-KAJ, 2:23-cv-04208-ALM-KAJ). Therefore, Plaintiff's Motion for Order to File Electronically (Doc. 10) is **DENIED**.

**II.**     **Motion for Leave to File Amended Complaint**

Plaintiff says that her amended complaint will allege that Franklin County Court of Common Pleas Judge Karen Phipps acted outside of her jurisdiction in ruling on a state court dispute over

Plaintiff's security deposit.  (*See* Doc. 9 at 4; Doc. 1-1 at 3).  Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a).  To date, Plaintiff has not served any defendant in this matter.  So, currently, Plaintiff does not need permission from the Court to amend her pleading once.  As such, the Clerk is **DIRECTED** to terminate Plaintiff's Motion (Doc. 9) as moot.

That said, given her *in forma pauperis* status (*see* Doc. 3), the Court must dismiss Plaintiff's amended complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  To that end, Plaintiff's described amendment to her complaint will not cure the defects the Undersigned analyzed in the previous Report and Recommendation (Doc. 3).  Plaintiff says she will include claims that Judge Phipps "had no jurisdiction to wholly rule . . .and at minimum never adjudicated or granted access to impartial tribunal where actual controversy presented that severely harmed Plaintiff . . . ."  (Doc. 9 at 4).

As the Undersigned previously explained, judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability."  *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[Judicial] immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune

from suit."). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity or if the actions taken were in absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Plaintiff's Motion makes clear that she will amend her complaint by, again, alleging claims against Judge Phipps that relate to actions she took while functioning in her judicial capacity during the relevant state court case, such as her final decision and her impartiality during the adjudicatory process. (Doc. 9 at 4); *see Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219, 227(1988)) ("Clearly, the paradigmatic judicial act is the resolution of a dispute between parties who have invoked the jurisdiction of the court."). These claims are, at best, classified as allegations of bad faith or malice, which are not enough to overcome judicial immunity. *Mireles*, 505 U.S. at 11; *see Buckner v. Powers*, No. 1:19-cv-92, 2019 WL 482022, at *4 (S.D. Ohio Feb. 7, 2019) ("Allegations of bias do not impact judicial immunity.").

Plaintiff's Motion also makes clear she will claim in her amended complaint that Judge Phipps took these actions in the "absence of all jurisdiction." But this is a high bar. "The term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity . . . Acts done 'in the clear absence of jurisdiction,' for which no immunity is afforded, should be distinguished from actions in 'excess of jurisdiction,' which fall within the ambit of immunity protection." *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997) (citations omitted). "Generally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Id.* (citing *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985)). In Ohio, "the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from

the decisions of boards of county commissioners." Ohio Rev. Code § 2305.01. Simply put, Plaintiff indicates no facts from which the Court could infer that Judge Phipps acted without jurisdiction given the broad grant of general jurisdiction. *See Stern v. Mascio*, 262 F.3d 600, 608–609 (6th Cir. 2001) ("In Ohio, Courts of Common Pleas have broad general jurisdiction over almost all types of civil cases and, further, have certain inherent powers related to the exercise of such jurisdiction.").

To the extent that Plaintiff disagrees with Judge Phipps's ruling and wishes to appeal her decision, a case in this Court is not the proper manner of doing so. The *Rooker-Feldman* doctrine "bars such a claim in this Court," because "the United States District Court does not have jurisdiction to review state-court judgments[.]" *Clemons v. Kasich*, No. 2:18- cv-954, 2018 WL 4334516, at *1–2 (S.D. Ohio Sept. 11, 2018) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). Here, only state appellate courts and the United States Supreme Court have jurisdiction to hear appeals of Judge Phipps's decision. *See White v. Stotts*, No. 2:11-cv-153, 2011 WL 6941700, at *3 (S.D. Ohio Dec. 6, 2011) (finding that the federal court lacked jurisdiction where a plaintiff argued that the Franklin County Court of Common Pleas violated plaintiff's constitutional rights in connection with state court proceedings).

Accordingly, the Undersigned **RECOMMENDS** that any amended complaint Plaintiff may file be **DISMISSED**. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Undersigned cautions Plaintiff that this Court can, in its inherent power, further revoke or deny her privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–

4

5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *Clapper v. Clark Dev., Inc.*, No. 14-3500, 2015 WL 13688415, at \*3 (6th Cir. Apr. 29, 2015) ("A district court has the authority to issue pre-filing restrictions to prevent prolific litigants from filing harassing and vexatious pleadings.").

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 29, 2024

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE